PEOPLE *v.* SHEKOSKI

CRIMINAL LAW—BREAKING AND ENTERING—LESSER INCLUDED OF-
FENSE.
> Refusal of court to charge the jury in a trial for breaking and
> entering with intent to commit a larceny on a lesser included
> offense of breaking and entering without permission is not
> error where there is no evidence to support conviction of the
> lesser offense (CL 1948, §§ 750.110, 750.115).

Appeal from Macomb, Noe (Alton H.), J. Sub-
mitted Division 2 January 13, 1969, at Detroit.
(Docket No. 5,281.) Decided January 29, 1969.

Michael Raymond Shekoski was convicted of
breaking and entering with intent to commit a lar-
ceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *George N. Parris,*
Prosecuting Attorney, *Thaddeus F. Hamera,* Chief
Appellate Lawyer, and *Don L. Milbourn,* Assistant
Prosecuting Attorney, for the people.

*Donald Z. Ricard,* for defendant.

PER CURIAM. Defendant, Michael Raymond She-
koski, was tried in Macomb County Circuit Court
before a jury on a charge of breaking and entering

---

REFERENCE FOR POINTS IN HEADNOTE
53 Am Jur, Trial § 798 *et seq.*

with intent to commit a larceny (MCLA § 750.110 [Stat Ann 1968 Cum Supp § 28.305]) and convicted. The trial judge refused to instruct the jury relating to the lesser included offense of breaking and entering without permission, CL 1948, § 750.115 (Stat Ann 1962 Rev § 28.310). On appeal, defendant contends this was reversible error.

A reading of the record reveals there was no error. Under the circumstances, the court was not required to instruct on the question of breaking and entering without permission, as there was no evidence to support conviction of such an offense.

Affirmed.

Fitzgerald, P. J., and R. B. Burns and Bronson, JJ., concurred.